UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-62313-CIV-ALTMAN/Hunt

JOSEPH MORANO,

    Plaintiff,
v.

ALLEGIANT AIR, LLC,

    Defendant.
_____/

# ORDER

**THIS MATTER** comes before the Court upon Allegiant Air, LLC's ("Allegiant") Motion for Summary Judgment ("MSJ") [ECF No. 41]. The Plaintiff, Joseph Morano ("Morano"), did not file a timely response. Instead, he waited two months to file a four-page document that included only three record cites and did little more than dispute a handful of the adverse facts Allegiant has adduced in its own Statement of Material Facts. *See generally* "MTD Resp." [ECF No. 45]. The matter ripened on October 29, 2019, when Allegiant, beating an already-dead horse, filed its Reply ("MTD Reply") [ECF No. 47].

Morano's Complaint [ECF No. 1] asserts just two claims: "disability discrimination" (Count I) and "disability retaliation" (Count II)—both under the Americans with Disabilities Act ("ADA"). *See generally* Pl. Compl. In summary, Morano, who worked as an Allegiant flight attendant from October 10, 2016 to February 19, 2018, claims that Allegiant terminated him both (1) "because of" his disability and (2) in retaliation for his decision, minutes before his termination, to complain about his disability to an employee relations manager. Compl. ¶¶ 53, 60. Allegiant has moved for summary judgment on both counts. *See generally* MSJ.

## THE PROCEDURAL POSTURE

Where, as here, a party fails to "properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion . . . show[s] that that the movement is entitled to it." FED. R. CIV. P. 56(e). Indeed, "all material facts set forth in the movant's statement filed and supported as required above *will be deemed admitted* unless controverted by the opposing party's statement, provided that the Court find that the movant's statement is supported . . . by the record." S.D. L. R. 56.1(b) (emphasis added).

Morano's "Response"—in addition to being egregiously untimely—never actually rebuts any of Allegiant's "Material Facts." Indeed, Morano did not even file a statement of material facts at all.[1] Thus, provided they are "supported [] by the record," Allegiant's factual averments "will be deemed admitted." S.D. L. R. 56.1(b); *accord Prosper v. Martin*, No. 17-20323-CIV, 2019 WL 2734041, at *1 (S.D. Fla. July 1, 2019) (an opposing party's material facts are deemed admitted where, as here, the plaintiff fails to provide any evidence or record citation to controvert them).

## THE FACTS[2]

Allegiant hired Morano as a flight attendant on October 10, 2016. *See* Defendant's Statement of Material Facts ("Def. SMF") ¶ 1 [ECF No. 41]. Despite receiving an HIV diagnosis as early as 2015, Morano: (1) chose not to identify as "disabled" during the hiring process; (2) affirmatively represented that he, in fact, did not have a "disability";[3] (3) testified that he does not

---

[1] Nor did he take any depositions—not of the people he says discriminated against him or, for that matter, of anyone else.
[2] Unless otherwise noted, Morano failed to controvert any of the following facts.
[3] Allegiant attached to its MSJ a form Morano completed when he was hired in October 2016. *See* "Voluntary Self-Identification of Disability" Form (hereinafter "Disability Form") [ECF No. 41-4 at 2]. The form lists a number of disabilities, including HIV/AIDS. At the bottom of the form, the employee is instructed to check one of the following three boxes: (1) "Yes, I have a disability

consider himself disabled; (4) never told any Allegiant decision-maker about his HIV diagnosis; and (5) testified that he never requested any accommodation for his disability. *Id.* ¶¶ 3-4.

Morano contends that his partner, Johnny Sells ("Sells"), disclosed his HIV status to their supervisor, Cynthia Pate ("Pate"). *Id.* ¶ 5. Morano, of course, was not present for the alleged disclosure, does not know why Sells made it, never spoke to Pate about what Sells told her, and failed to take the deposition of either Pate or Sells to support his suppositions that: (1) Sells in fact made this disclosure to Pate; (2) Pate then relayed this information to the relevant Allegiant decision-makers; and (3) Allegiant's decision-makers terminated Morano "because of" his HIV diagnosis. *Id.* ¶¶ 5-6.

In late 2017, Morano began to receive disciplinary warnings for his poor attendance and for his failure to respond promptly to his supervisors when they sought to contact him. *Id.* ¶¶ 9-10. Moreover, on January 31, 2018, a senior flight attendant, Robyn McAllister—who, as Morano's union representative, had previously assisted him during the investigations that resulted in these disciplinary warnings—reported to management that Morano "always takes his phone during final compliance [prior to takeoff] to the back of the aircraft and is on [the phone] till [sic] the captain makes the departure announcement." *Id.* ¶ 13.[4] To support her allegation, McAllister provided Allegiant's management with two photographs—both of which depict a male flight attendant who appears to be looking at his cell phone during a critical phase of flight. *Id.* ¶ 13. Morano does not contest that *at least* one of these photographs is of him. *Id.*

Unsurprisingly, using a cell phone during a critical flight phase both violates Allegiant's

---

(or previously had a disability)"; (2) "No, I don't have a disability"; and (3) "I don't wish to answer." Morano checked box number two.

[4] Allegiant has filed Ms. McAllister's uncontroverted e-mail on the docket. *See* [ECF No. 42-1 at 16-18].

3

policies and procedures and, according to Allegiant, constitutes a terminable offense. *Id.* ¶¶ 14, 17. After an investigatory meeting with Morano on February 12, 2018—and an evaluation of his written rebuttal, which he submitted on February 13, 2018—Allegiant scheduled a "resolution meeting" with Morano for February 19, 2018. *Id.* ¶ 17. At that meeting, Allegiant planned to fire Morano. *Id.*[5] According to Allegiant, just minutes before that meeting, Morano sent an e-mail to Adriana Ramirez (Allegiant's Employee Relations Manager), in which he disclosed, for the first time, that he was "living with HIV" and averred that he had been discriminated against on that basis. *Id.* ¶ 18. But, by then, Allegiant says, it had already decided to fire Morano. *Id.* Morano adduces *no evidence* to controvert this all-important detail.

Most damningly perhaps, Allegiant has submitted *at least* five other uncontroverted termination letters, through which it has discharged former flight attendants for the very same cell phone use violations that, it claims, resulted in Morano's termination. *See* Termination Letters [ECF No. 42-1 at 21-32].

## THE LAW

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(a). In determining whether to grant summary judgment, the Court must consider "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV.

---

[5] Allegiant says that the individuals who made the decision to terminate Morano were Tracy Tulle (Vice President of Inflight); Allen C. Thieman (Director of Inflight Planning & Administration); Maryann Christine (Regional Inflight Manager); and Adriana Ramirez (Manager, Employee Relations). *Id.* Morano has not rebutted this fact.

P. 56(c). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). An issue of fact is "material" if it might affect the outcome of the case under the governing law. *Id.* at 248. A dispute about a material fact is "genuine" if the evidence could lead a reasonable factfinder to rule for the non-moving party. *Id.*

At summary judgment, the moving party has the burden of proving the absence of a genuine issue of material fact, and all factual inferences are drawn in favor of the non-moving party. *See e.g., Allen v. Tyson Foods Inc.*, 121 F.3d 642, 646 (11th Cir. 1997). Once the moving party satisfies its initial burden, the burden shifts to the non-moving party to come forward with evidence that a genuine issue of material fact precludes summary judgment. *See Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1243 (11th Cir. 2002); FED. R. CIV. P. 56(e). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992). Notably, assessments of credibility—no less than the weighing of evidence—are fact questions not susceptible of disposition at summary judgment. *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1154 (11th Cir. 2012). The Court must analyze the record as a whole—and not just the evidence the parties have singled out for consideration. *See Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1570 (11th Cir. 1987). If there are any genuine issues of material fact, the Court must deny summary judgment and proceed to trial. *Whelan v. Royal Caribbean Cruises Ltd.*, No. 1:12-CV-22481, 2013 WL 5583970, at *2 (S.D. Fla. Aug. 14, 2013) (citing *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981)).

## ANALYSIS

### I. The ADA's Legal Framework

Morano's "Response" appears to raise four principal arguments: (1) he did not need to disclose to Allegiant—or even believe—that he was disabled in order to establish that Allegiant discriminated against him "because of" his disability; (2) he did not understand, at his deposition, what a reasonable accommodation entailed; (3) while he does not know how Allegiant's decision-makers came to know of his HIV diagnosis, the Court must "logically conclude" that the "Defendants" knew about the diagnosis because, after Sells' disclosure, Morano began to be "harass[ed]" by "other staff members"; and (4) Allegiant "cannot prove that he was using his cell phone as the photographs provided are unclear and/or do not show his face." MTD Resp. at 1-2. Morano's arguments are either incorrect on the law or else flatly contradicted by the record.

To assess whether an employer has discriminated against an employee in violation of the ADA, federal courts use the same burden-shifting analysis that applies under Title VII of the Civil Rights Act. *See Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007) (applying Title VII's burden-shifting framework to ADA claims). To establish a *prima facie* case of discrimination under the ADA, Morano must show that: (1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination "because of" his disability. *Id.* at 1256-57. If an employee makes this *prima facie* showing, the employer must then articulate a "legitimate, non-discriminatory reason for the challenged action." *Wascura v. Cty. of S. Miami*, 257 F.3d 1238, 1242 (11th Cir. 2001). If the employer manages to provide such a reason, the employee must adduce evidence to show that the employer's stated reason is merely pretextual. *Id.* at 1243.

As for retaliation, the ADA provides that "[n]o person shall discriminate against any

individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge . . . under [the ADA]." *See Monroe v. Fla. Dep't of Corr.*, No. 18-14664, 2019 WL 6048538, at *3 (11th Cir. Nov. 15, 2019) (citing 42 U.S.C. § 12203(a)). To establish a *prima facie* case of ADA retaliation, Morano must show that: (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action; and (3) there is a causal connection between his participation in the protected activity and the adverse employment action. *See Bass v. Bd. of County Comm'r, Orange County, Florida*, 256 F.3d 1095, 1117 (11th Cir. 2001). "As with discrimination claims, once the prima facie case is established, and the defendant produces a legitimate, non-discriminatory reason for an action, the plaintiff must show that the defendant's proffered reason was pretextual." *Monroe*, 2019 WL 6048538 at *3 (cleaned up).

Morano, simply put, cannot make out a *prima facie* case of ADA discrimination. But, even if he could, he has not "show[n] that [Allegiant's] legitimate, non-discriminatory" business reason for terminating him was in any way "pretextual." *Id.* at *3

### II. Morano's ADA Claims

Where, as here, a plaintiff has provided *no evidence* to support his contention that his supervisors knew of his disability, he cannot establish a *prima facie* case of ADA discrimination. *See, e.g.*, *Guasch v. Carnival Corp.*, 723 F. App'x 954, 956 (11th Cir. 2018) (district court properly granted summary judgment on ADA discrimination claim where plaintiff presented no evidence to establish that his supervisors knew of his disability). This well-settled rule flows naturally from the self-evident proposition that an employer cannot discriminate against an individual "because of" his disability if the employer's decision-makers are unaware of that disability in the first place.

And Morano has introduced *no evidence* to support his speculative averment that his

Allegiant supervisors were, at any relevant time,[6] aware of his diagnosis. To the contrary, in his "Response," Morano concedes that he "cannot assert how or who under the Defendants [sic] control improperly disclosed his HIV serostatus." MTD Resp. at 2. This concession—damaging as it may be—is unsurprising. After all, in his deposition, Morano testified that his e-mail to Adriana Ramirez, minutes before the February 19, 2018 "resolution meeting," constituted the "one and only time" he ever mentioned his HIV diagnosis to another Allegiant employee. *See* Morano Dep. [ECF No. 41-1 at 164:20-25, 165:1-3].[7] Indeed, the uncontested record evidence establishes beyond peradventure that Morano elected *not* to disclose his disability—even when given an explicit opportunity to do so—to any of his Allegiant supervisors. *See* Def. SMF ¶¶ 3–4, 18; *cf.* Disability Form. In sum, Morano represented that he did not have a disability when he was hired, testified at his deposition that he "does not consider HIV a disability," and has introduced no evidence to suggest that he ever asked anyone at Allegiant for any kind of accommodation. *Id.*; *see also* Morano Dep. at 87:24-25. Because an employer's knowledge of an employee's disability is an "essential element" of the third prong of the ADA's *prima facie* case, Morano's inability to establish that knowledge here is fatal to his ADA discrimination claim.

The Court is likewise unpersuaded by Morano's argument that "Allegiant" must have known about his diagnosis because his partner (Sells) disclosed it to their mutual supervisor (Pate). Morano, of course, does not know why, when, how, or under what circumstances Sells made the alleged disclosure—nor did Pate ever confirm for Morano that she knew about his diagnosis. *See*

---

[6] Again, the uncontroverted record evidence establishes that Allegiant had already made the decision to terminate Morano when, a few minutes before the "resolution meeting," Morano disclosed his "disability" for the first time.

[7] Morano does not argue that Ramirez, in the minutes after receiving the e-mail from Morano, circulated it to the appropriate decision-makers, who then decided to terminate his employment because they now knew, for the first time, that Morano was diagnosed with HIV. Because Morano does not make this argument, the Court need not address it.

Def. SMF ¶ 7. Notably, Morano elected not to depose either Sells or Pate to corroborate any of this speculation—nor, significantly, did he depose any of the relevant Allegiant decision-makers to determine whether, even if Sells had told Pate, the disclosure ever made its way to any of them. Instead, Morano asks the Court to assume that, after Sells relayed the diagnosis to Pate, Pate disseminated the information to other, unnamed Allegiant employees, including the relevant decision-makers. *See* MTD Resp. at 1–2. This the Court cannot do. *See Solliday v. Fed. Officers*, 413 F. App'x 206, 207 (11th Cir. 2011) ("Conclusory, uncorroborated allegations by a plaintiff . . . will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment motion."); *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) ("unsupported speculation" does not satisfy a party's burden of producing a defense to a summary judgment motion). In short, Morano's own, unsupported inferences do not create a genuine dispute with respect to a material fact and are plainly insufficient to allow a reasonable factfinder to rule in his favor.

Morano's retaliation claim fares little better. Morano never describes the "protected activity" in which he purports to have been engaged. And, even assuming that the e-mail he sent to Adriana Ramirez constituted "protected activity," the uncontroverted record evidence establishes that Allegiant had already decided to terminate him *before* that e-mail was sent—a fact that forecloses any claim, such as it is, that Allegiant terminated him *in retaliation for* the e-mail.

In any event, even if the decision to discharge Morano had not come—as it did—before the e-mail, Allegiant has proffered a "legitimate, non-discriminatory reason" for the termination. Morano admitted, after all, that *he is* the male flight attended captured in the photograph which, Allegiant asserts, was taken during a critical phase of a flight[8]—in violation of Allegiant's

---

[8] *See* Morano Dep. 55:19-22; *see also* Morano Photograph [ECF No. 41-8 at 8].

unambiguous cell phone policy. *See* Flight Attendant Manual Policies [ECF No. 42-1 at 9-14]. And it is a well-trodden principle in this Circuit that an employer who fires an employee for violating a workplace rule cannot be liable for discriminatory—or, as the case may be, retaliatory—conduct. *See Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1363 n.3 (11th Cir. 1999). As the Eleventh Circuit has explained, an employer may fire an employee for a "good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as [the adverse action] is not for a discriminatory reason." *See Jones v. Bessemer Carraway Med. Ctr.*, 151 F.3d 1321, 1324 n.16 (11th Cir. 1998). Because Allegiant has offered a "legitimate, non-discriminatory reason" for Morano's termination, Morano bears the burden of proving that Allegiant's reason is mere pretext.

Unfortunately for Morano, the uncontested record evidence establishes that: (1) Allegiant terminated *at least* five other employees for similar workplace violations; (2) Allegiant made the decision to terminate Morano before he sent his e-mail to Ramirez; and (3) even assuming that Pate knew of Morano's medical condition, she did not participate in the decision to terminate him. *See* Def. SMF ¶¶ 17, 21. Under these facts, Morano cannot show that Allegiant's "legitimate, non-discriminatory reason" was merely pretextual.

* * * * *

Morano, in sum, has adduced no facts from which a reasonable factfinder could conclude either that Allegiant terminated him "because of" his diagnosis or that Allegiant retaliated against him for engaging in a "protected activity." Accordingly, the Court hereby

**ORDERS AND ADJUDGES** as follows:

1. The Defendant's Motion for Summary Judgment [ECF No. 41] is **GRANTED**.

2. All pending motions are **DENIED as moot**, and any scheduled hearings or deadlines

are **TERMINATED**.

3. The Clerk of Court is instructed to **CLOSE** this case.

4. An order of final judgment shall be entered separately.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 27th day of November 2019.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record